**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KERI B. HALPERIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| RETRIEVAL-MASTERS CREDITORS | ) | |
| BUREAU, INC. d/b/a | ) | |
| AMERICAN MEDICAL COLLECTION | ) | |
| AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Keri B. Halperin, by her attorneys, Shanfield Law Firm, Ltd. And DiTommaso Lubin, PC brings this action to secure redress for the unlawful conduct of Defendant Retrieval-Masters Creditors Bureau, Inc. ("RMCB") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. Plaintiff states the following in support of her complaint:

**PARTIES, JURISDICTION, AND VENUE**

1. Ms. Halperin is an individual residing in Northbrook, Illinois.

2. Ms. Halperin is a consumer within the meaning of the FDCPA in that the alleged debt at issue relates to personal medical services.

3. Defendant RMCB is a New York corporation that maintains an agent for purposes of accepting service of process at 208 South LaSalle Street, Chicago, Illinois.

4. RMCB maintains the fictitious business name American Medical Collection Agency as if it were a separate entity and committed the violations complained of herein under that fictitious name.

1

5. Defendant RMCB is a debt collector within in the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO ALL CLAIMS

### QUEST DIAGNOSTIC HIRED RETRIEVAL-MASTERS CREDITORS BUREAU TO COLLECT A NON-EXISTENT DEBT

8. On August 26, 2009, Ms. Halperin incurred a debt for medical diagnostic services provided by Quest Diagnostic, Inc. in the amount of $396.01. Sometime shortly thereafter, Ms. Halperin's health care insurance company paid all but $4.89 of the Quest Diagnostic debt and provided Ms. Halperin with an Explanation of Benefits statement reflecting that fact. To date, Quest Diagnostics, Inc. has not updated its billing to reflect any alleged remaining balance due.

9. Notwithstanding having been paid all but $4.89 by Ms. Halperin's insurance company on her behalf, Quest Diagnostic, Inc. placed the entire alleged $396.01 debt with Defendant for collection.

10. Ms. Halperin did not owe $396.01 to Quest Diagnostic, Inc. or RMCB.

### RETRIEVAL-MASTERS CREDITORS BUREAU IGNORED PLAINTIFF'S TIMELY DISPUTE, MISREPRESENTED PLAINTIFF'S RIGHTS TO HER, THREATENED TO TAKE UNLAWFUL ACTION, AND CONTINUED COLLECTION EFFORTS IN VIOLATION OF THE FDCPA

11. By letter dated February 24, 2009, Defendant represented to Ms. Halperin that:

> **FILE UNDER REVIEW**
>
> Dear Keri B. Halperin:
>
> We have been authorized to contact you regarding your past due account for laboratory tests ordered by your physician. These charges were not included in any bills you received from your doctor or hospital, but were billed directly by our client.
>
> If a claim has already been filed with your insurance company, it may have been denied or only partially paid. You have not paid as agreed and, therefore, owe this remaining balance.
>
> **Your response may prevent further collection activity.**
>
> Your payment in full in the amount of **$396.01** should be sent in the enclosed envelope made payable to American Medical Collection Agency.
>
> See the reverse side of this letter for important information about your rights. If you do not respond, you will be subject to additional collection efforts.

12. Ms. Halperin received RMCB's February 24, 2010 dunning letter, which was its initial communication with Plaintiff, shortly after February 24, 2010.

13. On March 2, 2010, Ms. Halperin faxed to Defendant a copy of her Explanation of Benefits reflecting that all or a portion of the alleged debt Defendant was attempting to collect had been paid. Ms. Halperin requested that RMCB note that fact in its records and correct any adverse credit reporting it may have made against her consumer credit reports.

14. Upon receipt of Ms. Halperin's timely dispute, Defendant had two choices under the FDCPA. It could cease all collection efforts or, if it wished to continue attempting to collect the alleged debt, provide Ms. Halperin with the validation required by the FDCPA. It did neither.

15. Rather than provide Ms. Halperin with a validation of the alleged debt, Defendant acknowledged receipt of Plaintiff's dispute, which included an Explanation of Benefits reflecting

that the alleged debt was paid, by letter dated March 15, 2010 purporting to reject Ms. Halperin's dispute by misrepresenting that Ms. Halperin bore the burden to prove that she did not owe the alleged debt in order to invoke her rights under 15 U.S.C. 1692g(b).

16. RMCB's March 15, 2010 letter stated in relevant part:

> Dear Keri B. Halperin:
>
> We have reviewed your claim stating that the above referenced account has been paid. However, you have not supplied us with enough proof to substantiate your assertion.
>
> **We must receive proof of your payment in the reply envelope enclosed to credit your account.** The proof must be one of the following:
>
> 1) A copy of the front and back of your cancelled check;
> 2) An "Explanation of Benefits" form if your claim has been paid by your insurance carrier; or
> 3) Any other document that clearly shows payment was made on this account.
>
> If you cannot provide us with valid proof of payment, we will continue our collection efforts. However, we hope that no further efforts on our part will be necessary.

17. RCMB's March 15, 2010 letter contained a detachable payment form indicating that Ms. Halperin should pay the alleged $396.01 debt notwithstanding her timely dispute.

18. On March 20, 2010, Ms. Halperin responded to Defendant's March 15, 2010 dunning letter purportedly rejecting her first timely dispute by disputing the alleged debt a second time by certified letter and advising RMCB that any further telephone calls were unacceptable and requesting proof she owed the alleged debt.

19. RMCB signed for and received Ms. Halperin's March 20, 2010 dispute letter on March 23, 2010.

20. True to its threat to continue attempting to collect money from Ms. Halperin despite her timely dispute without providing validation of the alleged debt, and ignoring Ms.

4

Halperin's request to be contacted in writing only, RMCB began calling Ms. Halperin on the telephone in its further efforts to dun her for money it was on actual notice she disputed owing.

21. Defendant telephoned Ms. Halperin numerous times after receiving one or both of her timely disputes in an effort to collect money from her, including on the following dates:

- March 22, 2010;
- March 24, 2010;
- March 25, 2010;
- March 26, 2010;
- March 27, 2010;
- March 30, 2010
- April 2, 2010;
- April 5, 2010;
- April 8, 2010; and
- April 10, 2010.

22. RMCB sent Plaintiff a dunning letter dated July 26, 2010 stating in relevant part:

July 26, 2010

**DEADLINE APPROACHING**

Dear Keri B Halperin:

It is unfortunate that we need to send you this letter. You can prevent future collection efforts.

Many months ago, your doctor ordered laboratory tests from our client on your behalf. You have had the opportunity to make payment of **$396.01** yet you have repeatedly neglected to do so. As a result, we fully intend to fulfill our obligation to collect this debt.

To clear your account with us, just tear off the bottom of this letter and send it with your payment by

We will consider further collection efforts if we do not receive your response.

23. RMCB's July 26, 2010 letter is consistent with its threat to ignore Plaintiff's timely dispute and continue collection efforts against Plaintiff despite having already been provided with objective evidence that she does not owe the amount RMCB's is attempting to collect.

**COUNT I – VIOLATION OF 15 U.S.C. § 1692, et seq.**

24. Plaintiff incorporates paragraphs 1 through 23.

25. Section 1692g of the Fair Debt Collection Practices Act provides in relevant part:

**(a) Notice of debt; contents**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

   …

   **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

   **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

   **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

   **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts**

**If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.**

26. 15 U.S.C. § 1692g(a)(3) provides a consumer with 30 days after receipt of a validation notice sent pursuant to an initial communication between the debt collector and consumer to dispute the validity of the debt in whole or part.

27. A debt collector must cease all collection efforts upon receipt of a timely dispute until it provides the debt validation required by 15 U.S.C. § 1692g.

28. Defendant violated 15 U.S.C. 1692g(b) by ignoring Ms. Halperin's March 2, 2010 and March 20, 2010 disputes of the alleged debt and undertaking further collection efforts without first providing the debt validation required by 15 U.S.C. 1692g(b).

29. Section 1692e of the Fair Debt Collection Practices Act provides in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> …
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
> …
>
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
>
> …
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

30. Defendant engaged in deceptive conduct in violation of 15 U.S.C. §§ 1692e(2), e(5), and e(10) by employing deceptive means to collect a debt Ms. Halperin did not owe, by threatening to continue collection efforts if Ms. Halperin did not provide "proof" that she did not owe the alleged debt despite two timely disputes and Defendant's failure to provide validation,

7

and by misrepresenting Ms. Halperin's rights under the FDCPA to be free of any further collection activity unless and until Defendant provided the required validation.

31. Section 1692f of the Fair Debt Collection Practices Act provides in relevant part:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

32. Defendant engaged in unfair conduct in violation of 15 U.S.C. § 1692f(1) by attempting to collect an amount Ms. Halperin did not owe under any agreement or as permitted by law.

33. Section 1692c of the Fair Debt Collection Practices Act provides in relevant part:

**(c) Ceasing communication**

**If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—**

> **(1) to advise the consumer that the debt collector's further efforts are being terminated;**
>
> **(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>
> **(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

34. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Ms. Halperin by telephone in an attempt to collect the alleged debt after receiving her March 20, 2010 letter advising that Defendant's telephone calls are unwelcome.

35. Ms. Halperin suffered aggravation, upset, and other emotional distress damages as a direct and proximate result of Defendant's violations.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff Keri B. Halperin and against Defendant Retrieval-Masters Creditors Bureau, Inc. for:

    a. Actual damages in an amount to be proven at trial;

    b. Statutory damages under 15 U.S.C. § 1692k.

    c. Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

    d. Such other and further relief as the Court deems appropriate.

DATED:    August 17, 2010

                                                     KERI B. HALPERIN

                                          /s/ Jason G. Shanfield
                                        One of her attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

Peter S. Lubin
DiTOMMASO LUBIN, PC
17W 220 22nd Street, Suite 200
Oakbrook Terrace, Illinois 60181
(630) 333-0000